Dear Dr. Ahr:
This is in response to your request for an official opinion of this office on the following question:
 Does the Department of Mental Health have the authority to expend monies appropriated to it by the General Assembly for the purpose of funding the placement of mentally disordered patients out of the State of Missouri?
We understand your question to be limited to instances where the patient's home is in the State of Missouri.
In Opinion No. 70-79, Wilson, 1979, copy enclosed, this office considered Sections 202.185, 202.193, and 202.880, Article III(b), RSMo 1978 (repealed), and found that no statutory authority existed for the Department of Mental Health to place patients outside the State of Missouri.
Since the issuance of Opinion No. 70-79, the General Assembly has repealed the statutes considered therein and has enacted C.C.S.H.B. 1724, 1980 Mo. Laws 503. The applicable statutes now are as follows:
Section 630.605, RSMo Supp. 1982,[1] states:
 The department shall establish a placement program for persons affected by a mental disorder, mental illness, mental retardation, developmental disability or alcohol or drug abuse. The department may utilize residential facilities, day programs and specialized services which are designed to maintain a person who is accepted in the placement program in the least restrictive environment in accordance with the person's individualized treatment, habilitation or rehabilitation plan. The department shall license, certify and, subject to appropriations, a continuum of facilities, programs and services short of admission to a department facility to accomplish this purpose.
Section 630.620 states:
 1. The department may place any patient or resident referred by a department facility or any person applying directly or referred under section 630.610 who is accepted for placement, in one or more of the following facilities or programs as soon as practicable after consultation with the person, patient or resident, if competent, or his parents, if he is a minor, or his guardian:
 (1) A facility licensed by the department of social services under chapter 198, RSMo, and licensed or certified, or both, by the department under this chapter;
 (2) A facility or program licensed or certified, or both, by the department;
(3) The home of the client.
 2. The department shall provide a written statement to the client, his parent, if the client is a minor, his legal guardian, the referring court or the referring state or private agency or facility, and to the client's next of kin specifying reasons why a proposed placement is appropriate under section 630.615.
The facilities and programs described in Section 630.620.1(1) and (2) are licensed or certified by the Department of Mental Health ("DMH"). DMH does not license or certify facilities outside the State of Missouri. See, Section 630.735 and the discussion, supra. The question assumes that the patient's home is in Missouri. Therefore, Section 630.620 does not authorize out-of-state placements by DMH under these circumstances.
Section 630.630 states:
 If a patient or resident, parent, if the patient or resident is a minor, or legal guardian does not consent to transfer of the patient or resident from a facility operated by the department, then the department shall propose other appropriate placement alternatives, if available, and seek to obtain consent under section 630.025 until the alternatives are exhausted. [Emphasis added.]
Section 211.202.5, relating to the placement of mentally disordered children under the jurisdiction of a juvenile court, states:
 If at any time the facility determines that it is no longer appropriate to provide inpatient care and treatment for the child committed by the juvenile court, but that such child appears to qualify for placement under section 630.610, RSMo, the head of the facility shall refer such child for placement. Subject to the availability of an appropriate placement, the department of mental health shall place any child who qualifies for placement under section 630.610, RSMo. If no appropriate placement is available, the department of mental health shall discharge the child or make such other arrangements as it may deem appropriate and consistent with the child's welfare and safety. Notice of the placement or discharge shall be sent to the juvenile court which first ordered the child's detention. [Emphasis added.]
Section 211.203.5, relating to the placement of mentally retarded and developmentally disabled children under the jurisdiction of a juvenile court, states:
 If at any time the mental retardation facility determines that it is no longer appropriate to provide residential habilitation for the child committed by the juvenile court, but that such child appears to qualify for placement under section 630.610, RSMo, the head of the facility shall refer such child for placement. Subject to the availability of an appropriate placement, the department shall place any child who qualifies for placement under section 630.610, RSMo. If no appropriate placement is available, the department shall discharge the child or make such other arrangements as it may deem appropriate and consistent with the child's welfare and safety. Notice of the placement or discharge shall be sent to the juvenile court which first ordered the child's detention. [Emphasis added.]
These alternative placement statutes authorize DMH to make "appropriate" placements. In determining whether a placement is appropriate, one must match the services available from the proposed placement facility or program against the needs of the patient. See, Section 630.615 (enumerating placement criteria). It is impossible for DMH to assess the services available from an out-of-state facility or program, because DMH does not license or certify such facilities or programs. No statute exists authorizing DMH officials to travel to, inspect, and approve placement facilities outside the State of Missouri, whether such facilities are located in Kansas or Switzerland. Further, Missouri state officials have no legal authority to enforce standards established for Missouri facilities in other states. Thus, even if Missouri officials traveled to other states to inspect their facilities, they would not have authority to enforce compliance with standards promulgated pursuant to Sections 630.705 and 630.710. Nor would the remedies for noncompliance in Sections 630.740, 630.745,630.750, and 630.755 be available. Therefore, it follows that Sections 630.630, 211.202.5, and 211.203.5 do not authorize out-of-state placements by DMH.
Section 630.810, Article III(b), which is part of the Interstate Compact on Mental Health, does provide for transfer of patients to institutions in other compact states. However, as was stated in Opinion No. 70-79, Wilson, 1979, such patients become the responsibility of the receiving state. Article III(b) of the Interstate Compact on Mental Health does not provide for out-of-state placement by DMH.
We find no specific statute granting DMH the authority to place patients outside the State of Missouri. Reinforcing the conclusion that DMH may not make out-of-state placements is the fact that DMH has not pointed to and this office is not aware of an appropriation for this specific purpose. State funds may not be expended except in accordance with an appropriation law and then only if the expenditure is within the purpose of the appropriation. Article III, Section 36 and Article IV, Section 28, Missouri Constitution.
CONCLUSION
It is the opinion of this office that the Department of Mental Health does not have authority to expend state funds for the placement of mentally disordered patients outside the State of Missouri.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion No. 70-79, Wilson, 1979
[1] All statutory references are to RSMo Supp. 1982, unless otherwise indicated.